**AFFIRMED and Opinion Filed December 9, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00071-CV

## IN THE MATTER OF A.A., JR., A JUVENILE

**On Appeal from the 451st Judicial District Court**
**Kendall County, Texas**
**Trial Court Cause No. 22-001-JV**

## MEMORANDUM OPINION ON REHEARING

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Goldstein

On September 6, 2024, A.A., Jr., filed a pro se motion to access the appellate

record.[1] On the Court's own motion, we withdrew our opinion of August 29, 2024,

and vacated the Court's judgment of that date. This is now the opinion of the Court.

A.A. appeals the trial court's order transferring him from the Texas Juvenile

Justice Department (TJJD) to the Texas Department of Criminal Justice (TDCJ).[2]

---

[1] By order dated September 13, 2024, we granted appellant's September 6, 2024, motion to access the appellate record and ordered the Clerk of the Court to mail A.A. a copy of the appellate record. We further ordered appellant, now over the age of eighteen, to file his pro se response to the June 20, 2024, *Anders* brief no later than November 1, 2024, and ordered this case to be resubmitted without oral argument on November 21, 2024. Appellant did not file a pro se response and has not further communicated with the Court.

[2] The Texas Supreme Court transferred this appeal from the Fourth Court of Appeals. *See* Misc. Docket No. 23-9109 (Tex. Dec.5, 2023) (docket equalization order). Accordingly, we apply

A.A. was adjudicated delinquent after entering a plea of true on one count of aggravated robbery and was given a twenty-year determinate sentence, with the possibility of a transfer to TDCJ. Before A.A. turned nineteen, the trial court conducted an evidentiary hearing to determine whether A.A. should be transferred to TDCJ to serve the remainder of his sentence. Following the hearing, the trial court ordered A.A. to be transferred. A.A.'s trial counsel filed a notice of appeal on A.A.'s behalf and his appointed appellate counsel has since filed a brief, stating that in his professional opinion the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

*Anders* procedures are appropriate in appeals from juvenile transfer hearings. *See In Re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding) (Because *Anders* protects juveniles' statutory right to counsel on appeal, we hold the procedures enumerated in *Anders* apply to juvenile appeals); *Matter of C.S.*, No. 05-23-00951-CV, 2024 WL 2075841, at * 1 (Tex. App—Dallas May 9, 2024, no pet.) (mem. op.) (applying *Anders* procedures in appeal from juvenile transfer order); *In re P.L.C., III*, No. 13-09-00316-CV, 2010 WL 467414, at *1 (Tex. App—Corpus Christi–Edinburg Feb. 11, 2010, no pet.) (mem. op.) (same); *In re T.H.*, 2001 WL 246816, at * 1 (Tex. App—San Antonio Mar. 14, 2001, no pet.) (same). An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*,

---

the Fourth Court of Appeals' precedent to the extent required by Texas Rule of Appellate Procedure 41.3.

252 S.W.3d 403, 407 (Tex. Crim. App. 2008). Under the *Anders* procedure, if appointed counsel finds the appeal frivolous, counsel must file a brief explaining why the appeal lacks merit. *Anders*, 386 U.S. 744-45; *Schulman*, 252 S.W.3d at 407; *D.A.S.*, 973 S.W.2d at 297.

As A.A. is legally able to file a pro se response and failed to do so, we rely on Appellant's counsel's brief. In his brief, A.A.'s counsel demonstrated that he reviewed the record and concluded the appeal was without merit and frivolous. *See Anders*, 386 U.S. at 744. He states that in his professional opinion no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See id.* Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.*; *Schulman*, 252 S.W.3d at 406–07. We have independently reviewed the record and counsel's brief, and we agree the appeal is frivolous and without merit.

Counsel also filed a motion to withdraw as appellate counsel. A court-appointed attorney's duties to a client in a juvenile case continue through the filing of a petition for review, and a motion to withdraw may be premature unless good cause is shown. *See Matter of T.M.*, 583 S.W.3d 836, 838 (Tex. App.—Dallas 2019, no pet.) (extending *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) to *Anders* appeals in juvenile cases); *Matter of K.A.E.*, 647 S.W.3d 791, 792 (Tex. App.—San Antonio 2022, no pet.) (same); *In re A.H.*, 530 S.W.3d 715, 717 (Tex. App.—Fort

Worth 2017, no pet.) (same).  Counsel has not shown good cause for withdrawing from his representation of A.A., and, as a result, his obligations have not been discharged.  *See T.M.*, 583 S.W.3d at 838.  If A.A., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See P.M.*, 520 S.W.3d at 27–28.  Accordingly, we deny counsel's request to withdraw.

We affirm the trial court's transfer order.

240071f.p05

/Bonnie Lee Goldstein//
BONNIE LEE GOLDSTEIN
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF A. A., JR.,
Appellant

No. 05-24-00071-CV

On Appeal from the 451st Judicial
District Court, Kendall County,
Texas
Trial Court Cause No. 22-001-JV.
Opinion delivered by Justice
Goldstein. Justices Reichek and
Garcia participating.

In accordance with this Court's opinion of this date, the trial court's transfer order is **AFFIRMED**.

Judgment entered this 9th day of December, 2024.